Kenneth L. Cannon II (3705) (kcannon@djplaw.com)
Penrod W. Keith (4860) (pkeith@djplaw.com)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
P O Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000
Fax:  (801) 415-3500

Proposed Attorneys for Debtor and Debtor in Possession

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>NOAH CORPORATION,[1] a Utah corporation,<br><br>Debtor and Debtor in Possession.<br><br>Tax ID Number: 02-0706434 | Bankruptcy Case No. 19-23840<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

### DECLARATION OF KENNETH L. CANNON PURSUANT TO 11 U.S.C. § 329(a) AND FED. R. BANKR. P. 2014(a) AND 2016(a) IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY <u>DURHAM JONES & PINEGAR AS COUNSEL IN CHAPTER 11 CASE</u>

---

[1] The following limited liability companies were formerly subsidiaries of Noah Corporation but have been merged into Noah Corporation:  Noah Operations Albuquerque NM, LLC; Noah Operations Auburn Hills MI, LLC; Noah Operations Bedford NH, LLC; Noah Operations Blue Ash OH, LLC; Noah Operations Charlotte NC, LLC; Noah Operations Chesapeake VA, LLC; Noah Operations Cranberry PA, LLC; Noah Operations Des Moines IA, LLC; Noah Operations Dickinson TX, LLC; Noah Operations Fairview TX, LLC; Noah Operations Fossil Creek TX, LLC; Noah Operations Greenville SC, LLC; Noah Operations High Point NC, LLC; Noah Operations Hoover AL, LLC; Noah Operations Irving TX, LLC; Noah Operations Katy TX, LLC; Noah Operations Kingston TN, LLC; Noah Operations Lake Mary FL, LLC; Noah Operations Lincolnshire IL, LLC; Noah Operations Little Rock AR, LLC; Noah Operations Louisville KY, LLC; Noah Operations Madison WI, LLC; Noah Operations Memphis TN, LLC; Noah Operations Mentor OH, LLC; Noah Operations Morrisville NC, LLC; Noah Operations Naperville IL, LLC; Noah Operations New Albany OH, LLC; Noah Operations Oklahoma City OK, LLC; Noah Operations Omaha NE, LLC; Noah Operations Overland Park KS, LLC; Noah Operations Plano TX, LLC; Noah Operations San Antonio TX, LLC; Noah Operations South Jordan UT, LLC; Noah Operations Southpointe PA, LLC; Noah Operations Tulsa OK, LLC; Noah Operations Utah Valley UT, LLC; Noah Operations Westminster CO, LLC; and Noah Operations Wichita KS, LLC.

The undersigned, Kenneth L. Cannon, hereby declares as follows:

1. I am a shareholder of Durham Jones & Pinegar, P.C. ("DJP"), and am a duly licensed and practicing attorney in the State of Utah. I am admitted to practice in the United States District Court for the District of Utah, the Southern District of New York, and the Eastern District of New York; the United States Courts of Appeals for the Tenth, Third, and Fifth Circuits, the United States Supreme Court; and in other courts. To the best of my knowledge based upon the inquiries described below, the following statements are true.

2. Prepetition Representation of the Debtor and Chapter 11 Petition. Prior to the filing of the petition by Noah Corporation (the "Debtor") in this case, the Debtor requested and received advice from DJP concerning filing a chapter 11 case and issues related thereto. The Debtor's case was commenced on May 28, 2019 ("Petition Date").

3. Materials Reviewed Regarding Possible Connections. As part of our firm's conflicts review, I received from the Debtor a list of creditors, lessors, and other parties in interest. I requested that DJP's staff conduct computerized conflicts checks on these names.

4. Determination of Connections with Parties in Interest. Based on the results of our firm's computerized conflicts check, as well as an email message sent to all attorneys of DJP, we have not identified any connections between the Debtor and other parties in interest in the Debtor's case. Insofar as I have been able to determine, with the assistance of employees of the Firm, DJP does not currently represent any third party in interest in any matter related to the Debtor.

5. <u>United States Trustee</u>.  Insofar as I am aware, DJP has no connections with the office of the United States Trustee or its staff which prevent DJP's employment as counsel for the Debtor.

6. <u>Equity Security Holder Status</u>.  DJP is not and has not been an equity security holder of the Debtor.

7. <u>Insider Status</u>.  DJP is not and has not been an insider of the Debtor.  Neither DJP nor any of its attorneys is or has been an officer or director of the Debtor, person in control of the Debtor, in a partnership in which the Debtor is a general partner, or relative of a member, manager, or person in control of the Debtor.

8. <u>Materially Adverse Interest Status</u>.  DJP does not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

9. <u>Section 327(a) Status</u>.  DJP does not hold or represent an interest adverse to the estate of the Debtor and is a disinterested person, all within the meaning of 11 U.S.C. § 327(a), and the proposed employment of DJP is proper under 11 U.S.C. §§ 327(a), (c) and 1107(b).

10. <u>Rule 5002 Status</u>.  DJP has no disqualifying connections within the meaning of Bankruptcy Rule 5002, which provides that a bankruptcy judge may not approve the employment of a person as an attorney pursuant to section 327 if that person is or has been so connected with such judge as to render the employment improper.

11. <u>Rule 2016(b) Information</u>.  Prior to the petition date in the Debtor's case, DJP received cash totaling $95,000.  DJP invoiced and billed against the Debtor the amount of

$11,916.00 prior to the filing of the petition for prepetition fees and expenses, including the filing fee for this case.  DJP holds the remaining funds of $83,084.00[2] as a retainer for its representation of the Debtor in its reorganization case, subject to application and allowance under applicable bankruptcy law.  Under the Firm's engagement with the Debtor and in accordance with applicable law and precedent, the Firm's fees will be billed on an hourly basis in tenth of an hour increments at the Firm's prevailing rates at the time incurred.  Fees and costs will be paid only as allowed by the Court.

12. No Agreement to Share Compensation.  DJP has not been paid any other amounts in connection with this case and has not agreed to share compensation or reimbursement other than with shareholders and associates of DJP as permitted by section 504 of the Bankruptcy Code.

13. Billing Rates.  Subject to the Court's approval of fees and expenses under applicable bankruptcy law, DJP will charge the Debtor for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates for cases of this nature as in effect on the date services are rendered.  DJP's hourly billing rates are generally increased annually.  I anticipate that the principal attorneys from DJP who will provide services to the Debtor are myself and Penrod W. Keith.  The Firm's local hourly billing rate for us in 2019 is $420 for Mr. Cannon and $410 for me.  In addition, DJP will staff the Debtor's matters with other shareholders, associates, and paralegals as necessary.  Local billing rates in 2019 for attorneys who may be involved in DJP's representation of the Debtor range from $210 to $500.

---

[2] The disclosure of compensation of attorney for the Debtor filed by DJP on May 28, 2019 incorrectly stated that the amount remaining in its retainer is $84,084.00.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

DATED this 31st day of May, 2019.

_____
Kenneth L. Cannon II