Kenneth L. Cannon II (3705) (kcannon@djplaw.com)
Penrod W. Keith (4860) (pkeith@djplaw.com)
**DURHAM JONES & PINEGAR, P.C.**
111 South Main Street, Suite 2400
P O Box 4050
Salt Lake City, UT   84110-4050
Telephone:  (801) 415-3000
Fax:  (801) 415-3500

Proposed Attorneys for Debtor and Debtor in Possession

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>NOAH CORPORATION,[1] a Utah corporation,<br><br>Debtor and Debtor in Possession.<br><br>Tax ID Number:  02-0706434 | Bankruptcy Case No. 19-23840<br><br>Chapter 11<br><br>Honorable R. Kimball Mosier |

### DECLARATION OF MARK HASHIMOTO PURSUANT TO 11 U.S.C. § 329(a) AND FED. R. BANKR. P. 2014(a) AND 2016(a) IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO SECTION 327(a) OF THE BANKRUPTCY CODE FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY HIM AS CHIEF RESTRUCTURING OFFICER IN CHAPTER 11 CASE

---

[1] The following limited liability companies were formerly subsidiaries of Noah Corporation but have been merged into Noah Corporation:  Noah Operations Albuquerque NM, LLC; Noah Operations Auburn Hills MI, LLC; Noah Operations Bedford NH, LLC; Noah Operations Blue Ash OH, LLC; Noah Operations Charlotte NC, LLC; Noah Operations Chesapeake VA, LLC; Noah Operations Cranberry PA, LLC; Noah Operations Des Moines IA, LLC; Noah Operations Dickinson TX, LLC; Noah Operations Fairview TX, LLC; Noah Operations Fossil Creek TX, LLC; Noah Operations Greenville SC, LLC; Noah Operations High Point NC, LLC; Noah Operations Hoover AL, LLC; Noah Operations Irving TX, LLC; Noah Operations Katy TX, LLC; Noah Operations Kingston TN, LLC; Noah Operations Lake Mary FL, LLC; Noah Operations Lincolnshire IL, LLC; Noah Operations Little Rock AR, LLC; Noah Operations Louisville KY, LLC; Noah Operations Madison WI, LLC; Noah Operations Memphis TN, LLC; Noah Operations Mentor OH, LLC; Noah Operations Morrisville NC, LLC; Noah Operations Naperville IL, LLC; Noah Operations New Albany OH, LLC; Noah Operations Oklahoma City OK, LLC; Noah Operations Omaha NE, LLC; Noah Operations Overland Park KS, LLC; Noah Operations Plano TX, LLC; Noah Operations San Antonio TX, LLC; Noah Operations South Jordan UT, LLC; Noah Operations Southpointe PA, LLC; Noah Operations Tulsa OK, LLC; Noah Operations Utah Valley UT, LLC; Noah Operations Westminster CO, LLC; and Noah Operations Wichita KS, LLC.

The undersigned, Mark Hashimoto, hereby declares as follows:

1.  I am certified public accountant and certified fraud examiner. To the best of my knowledge based upon the inquiries described below, the following statements are true.

2.  <u>Representation of the Debtor and Chapter 11 Petition</u>. Just prior to the filing of the chapter 11 petition by Noah Corporation (the "<u>Debtor</u>"), the Debtor requested and received a signed employment contract from me setting forth the scope and nature of my proposed employment with the Debtor ("Employment Contract") as chief restructuring officer ("CRO"). The Debtor has attached the Employment Contract as Exhibit A to the application to employ me in this case. The Employment Contract is not effective until approved by this Court.

3.  <u>Materials Reviewed Regarding Possible Connections</u>. As part of my conflicts review, I received from the Debtor a list of creditors and have reviewed the list of creditors in this case for potential conflicts.

4.  <u>Determination of Connections with Parties in Interest</u>. Based on my review, I have identified no connections between the Debtor and other parties in interest in the Debtor's case. Insofar as I have been able to determine, I do not currently represent any party in interest in any matter related to the Debtor. All representations disclosed above are representation of creditors in matters not related to the Debtor or its business.

5.  <u>United States Trustee</u>. Insofar as I am aware, I have no connections with the office of the United States Trustee or its staff which prevent my employment as CRO for the Debtor.

6.  <u>Equity Security Holder Status</u>. I am and have not been an equity security holder of the Debtor.

7. <u>Insider Status</u>.  I am not and have not been an insider of the Debtor.  I am and have not been an officer or director of the Debtor, person in control of the Debtor, in a partnership in which the Debtor is a general partner, or relative of a member, manager, or person in control of the Debtor.

8. <u>Materially Adverse Interest Status</u>.  I do not have an interest materially adverse to the interest of the Debtor's estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or for any other reason.

9. <u>Section 327(a) Status</u>.  I do not hold or represent an interest adverse to the estate of the Debtor and am a disinterested person, all within the meaning of 11 U.S.C. § 327(a), and the my proposed employment, to the best of my knowledge, is proper under 11 U.S.C. §§ 327(a), (c) and 1107(b).

10. <u>Rule 5002 Status</u>.  I have no disqualifying connections within the meaning of Bankruptcy Rule 5002, which provides that a bankruptcy judge may not approve the employment of a person pursuant to section 327 if that person is or has been so connected with such judge as to render the employment improper.

11. <u>Rule 2016(b) Information</u>.  Prior to the petition date in the Debtor's case, I received cash totaling $30,000.  I hold the retainer as security for payment under the Employment Contract in this reorganization case, subject to application and allowance of payment under applicable bankruptcy law.  I agree to be paid by the hour and will be bill on an

hourly basis in tenth of an hour increments at the negotiated rate of $325 per hour. Fees and costs will be paid to me only as allowed by the Court.

12. <u>No Agreement to Share Compensation</u>. I have not been paid any other amount in connection with this case and have not agreed to share compensation or reimbursement.

13. <u>Billing Rates</u>. Subject to the Court's approval of fees and expenses under applicable bankruptcy law, I will charge the Debtor for its legal services on an hourly basis as set forth in the Employment Contract.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing statements are true and correct.

DATED this 30th day of May, 2019.

*[signature: Mark Hashimoto]*